OPINION
Defendant-Appellant, Albert T. Collins, appeals from a judgment of the Hancock County Common Pleas Court finding him to be a sexual predator. Collins asserts that the adjudication is not supported by sufficient evidence, and therefore violates his due process rights. Reviewing the evidence in its entirety, we find this contention to be meritless and, therefore, affirm the trial court's determination.
Facts relevant to the issues raised on appeal are as follows. On November 15, 1985, a Hancock County Grand Jury returned a two count indictment against Collins, charging him with one count of rape, in violation of R.C. 2907.02, and one count of corruption of a minor, in violation of R.C. 2907.04.
In July 1986, after a three-day jury trial, Collins was found guilty of both counts; whereupon he was immediately sentenced to concurrent sentences of ten to twenty-five years on the rape charge and two years on the corruption of a minor charge. In January 1989, this Court reversed Collins' conviction and remanded the case for a new trial.[1] On retrial, in September 1990, Collins was again convicted and sentenced to an identical term of imprisonment. This Court affirmed the conviction and sentence.[2]
On August 29, 2001, pursuant to the provisions set forth in R.C. Chapter 2950, the trial court conducted a sexual predator classification hearing. At this sexual offender classification hearing, both Collins and the State submitted documentary evidence.
For its determination, the court examined and reviewed all of the documents submitted by the parties and the original trial transcript. The documentary evidence submitted included a post-sentence investigation report, three evaluations from Court Diagnostic and Treatment Center, plus a number of documents submitted by Collins, including three Magellan Relapse Plans, the Magellan Program Treatment Summary, numerous certificates indicating completion of programs within the institution, and ODRC reports concerning Five and Ten-Year Recidivism of 1989 Sexual Offender Releases. The trial court then considered the factors enumerated in R.C. 2950.09(B)(2), and found, by clear and convincing evidence, that Collins was likely to engage in the future in one or more sexually oriented offenses and ordered that he be classified a sexual predator. This appeal followed.
Collins presents a single assignment of error for our consideration.
 Assignment of Error "Albert Collins' due process rights were violated when the court labeled him a sexual predator, in the absence of clear and convincing evidence to support that label. Fourteenth Amendment, United States Constitution; Section 16, Article I, Ohio Constitution; R.C. 2950.09(B)(3). (Sexual Offender Classification Entry, February 5, 2002.)"
In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes."[3] The crimes of rape and corruption of a minor are included in the definition of "sexually oriented offense."[4]
In making a sexual predator determination, R.C. 2950.09(B)(2) states that the "trial court shall consider all relevant factors, including, but not limited to, all of the following:
"The offender's age;
 "The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "Any mental illness or mental disability of the offender;
 "The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "Any additional behavioral characteristics that contribute to the offender's conduct."
The statutory scheme of R.C. Chapter 2950 provides the trial court with significant discretion in evaluating factors that may be relevant to its recidivism determination. "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis."[5] Though the registration requirements associated with sex offender classification have profound consequences,[6] these determinations are to be afforded considerable deference.[7]
The standard of clear and convincing evidence is as follows: "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[8] In reviewing trial court decisions founded upon this degree of proof, an appellate court must examine the record to determine whether the evidence satisfies the clear and convincing standard.[9]
As alluded to in Eppinger, the legislature and a number of courts have acknowledged the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children.[10] In State v. Collins,[11] we found that:
 "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
The details of the underlying facts of Collins' crimes are particularly illustrative of his pedophilic predilection and propensity to reoffend sexually against children. At roughly thirty-one years of age, Collins surrounded himself with a number of young male subjects, furnishing them with pornography, alcohol, and tobacco. The victims reported that Collins photographed the boys in various states of undress, wrestled with them in the nude, pinched their buttocks and nipples, touched their privates, and hugged and kissed them. One of the victims stated that on six to eight different occasions, he awoke from sleeping to find Collins sucking his penis. This victim also reported that numerous other young boys were spending significant amounts of time at Collins' residence and that a lot of the boys slept with Collins, although he did not know for sure what went on in bed. In addition, he testified that he did not come forward after the incident or tell anyone because Collins had threatened to kill his family.
Collins admitted to two separate acts of fellatio performed on two separate victims, ages 12 and 14, over approximately a four-year period, and that his activities with the boys constituted "grooming" them for presumably future sexual activity. Collins' ex-wives both indicated that he had acted out sexually during their marriages. One wife indicated that Collins would parade around in pink women's underwear, and that he liked to play house with his nieces and nephews. The other ex-wife stated that Collins showed a lot of attention to her twelve-year-old brother and that Collins wanted him to sleep in bed between them. She also reported that during their marriage he began wearing women's clothing and seeing known homosexuals, and that she had observed him giving one of the victims herein a "hickey."
Collins cites to his completion of several rehabilitation programs as concrete evidence that he does not present a significant risk of reoffending. However, completion of such programs, while relevant, certainly does not control or preclude sexual offender determinations and must be considered in light of the entirety of material presented: whether one is likely to reoffend sexually is defined by the application and examination of the statutory factors and consideration of relevant circumstances and evidence on a case-by-case basis.[12] The continuing focus of this inquiry is whether, having completed such programs, the subject remains likely to engage in the future in one or more sexually oriented crimes.
The most recent assessment from Court Diagnostic and Treatment Center classified Collins as a pedophiliac and rated his recidivism risk as moderate. This report cites the following factors in support of his recidivism risk score and recommendation that he be classified as a sexual predator: "Mr. Collins was convicted of more than one offense; victims reported the offenses as having occurred numerous times over a lengthy period of time (more than a year); victims reported more than one type of sexual behavior during single events (e.g. fondling as well as fellatio, attempted anal penetration, kissing); two or more age groups were offended against; at least one of the victims was in the 13-15 year old age range, and Mr. Collins was more than five years his senior; and Mr. Collins acknowledged substantial alcohol abuse during the period of time in which the offenses occurred."
Barbara M. McIntyre, Ph. D., clinical forensic psychologist for the Court Diagnostic and Treatment Center, indicated that Collins' defensiveness affected the test results, and described Collins as someone "who has difficulty incorporating the standards of society into his own life. Such people tend to be rebellious toward authority, blame others for their own problems, and behave in impulsive ways without regard for the consequences of their actions. They generally exhibit poor judgment, little insight, poor frustration tolerance and a tendency to repeat mistakes. They are often angry, abuse substances, and engage in risky behavior. They may be likeable and create good first impressions, but relationships tend to be shallow, superficial and self-indulgent. People who score in this manner may speak of guilt or remorse when it is expedient to do so, but such feelings are typically not internalized." Dr. McIntyre recommended that the court consider designating Collins a sexual predator, opining that, "[i]n spite of [his participation in rehabilitative programs], he remains a risk of reoffending due to the nature of his disorder, which is Pedophilia. It is his stated intention to continue in treatment and support groups when he is paroled, whenever, that occurs, and this will clearly be necessary to prevent further recidivism."
Moreover, Nancy M. Steele, Ph. D., psychology supervisor for the Magellan Program, opined that, despite his treatment and moderate risk score, "[i]t is most important that family members and close friends be aware of his problems in the past in this area so that he is not put in situations where he is alone supervising children over a period of time." Defense counsel made no objection to the admission of this evidence, and in fact, stipulated the admission of all documentary evidence.
While these reports and the evidence suggest that there are some mitigating factors, these factors merely reduced Collins' risk scores from high to moderate and it is abundantly clear that the entirety of evidence presented manifests an overall picture of an individual who continues to pose a substantial risk and likelihood of reoffending. Our review of the record persuades us that there was sufficient evidence upon which the court could have found that Collins was likely to commit another sexually oriented offense in the future by clear and convincing evidence. Accordingly, Collins assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
SHAW, P.J. and HADLEY, J., concur.
[1] State v. Collins (Jan. 31, 1989), Hancock App. No. 5-86-26.
[2] State v. Collins (Oct. 16, 1991), Hancock App. No. 5-90-55.
[3] R.C. 2950.01(E).
[4] R.C. 2950.01(D)(1).
[5] State v. Robertson (2002), 147 Ohio App.3d 94, 98.
[6] State v. Eppinger (2001), 91 Ohio St.3d 158, 162.
[7] Robertson, 147 Ohio App.3d at 104, citing State v. Cook (1998),83 Ohio St.3d 404, 426.
[8] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[9] Id.
[10] State v. Collins (June 29, 1999), Union App. No. 14-99-05, citing R.C. 2950.09(B)(2)(c) and Kansas v. Hendricks (1997), 521 U.S. 346,117 S.Ct. 2072.
[11] Id. See, also, State v. Wayne (March 14, 2002), Paulding App. No. 14-01-30.
[12] Robertson, 147 Ohio App.3d at 102.